# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JOSE DOMINGUEZ,<br>  Plaintiff | Case No. 1:12-cv-622 |
| vs | Beckwith, J.<br>Bowman, M.J. |
| JOSEPH DETERS, ET AL.,<br>  Defendants | **REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner in state custody at the London Correctional Institution in London, Ohio, brings this action alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the Hamilton County, Ohio, prosecutor, Joseph Deters; John Mercado, a Regional Enforcement Narcotics Unit (RENU) agent; Noemi Guzman, a Drug Enforcement Agency (DEA) agent; and former Hamilton County Clerk of Courts, Patricia M. Clancy. (Doc. 1, Complaint, p. 4). Although no other entities or persons are named in the list of defendants, plaintiff states in the substance of the complaint that additional defendants are the Hildago County, Texas, Sheriff's Office; the Starr County, Texas, Sheriff's Office; the Bayview federal prison in Los Fresnos, Texas; the "Port of Entry" in Rio Grande City, Texas; RENU; the Hamilton County Justice Center; the Hamilton County Sheriff's Office; the DEA; and "other agents, employees, who participated in the arrest, and detention of the defendant, and who worked directly for, or in conjunction with any of the above named defendants, as well as all agencies and organization[s] whom employed any one of or all of the above[] named defendants, and conspired with to deprive the plaintiff of his U.S. constitutional

and civil rights." (*Id.*, p. 7).[1] In the complaint, plaintiff essentially challenges defendants' actions, which resulted in his multiple arrests in Texas on a 1995 warrant from the State of Ohio for drug trafficking, his eventual extradition from Texas to Ohio in 1997, and ultimately, his prosecution and conviction in the Hamilton County, Ohio, Court of Common Pleas on the drug trafficking charge. (*See id.*, pp. 6-12).

Although plaintiff has not provided specific information regarding the criminal case in Hamilton County, this Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records). Upon review of the on-line docket records maintained by the Hamilton County Clerk of

---

[1] It is noted that plaintiff has not stated an actionable claim for damages under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against any of the additional named defendants. The county sheriff's offices, the federal prison and the Hamilton County Justice Center are not persons or legal entities that are capable of being sued. *See, e.g., Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party); *Hawk v. Richland Cnty. Jail*, No. 1:12cv00326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012) (and cases cited therein) (dismissing complaint against the county jail and sheriff's department); *Peace v. Ohio Dep't of Corr. & Rehab.*, No. 1:10cv1830, 2010 WL 4687727, at *2 (N.D. Ohio Nov. 10, 2010) ("Prisons are not legal entities capable of being sued."); *Huffman v. Ohio*, No. 4:09cv2657, 2010 WL 1539961, at * (N.D. Ohio Apr. 16, 2010) ("Prisons and jails are not legal entities capable of being sued."). Plaintiff's claims for damages against RENU, a state agency, are barred by the Eleventh Amendment. *Cf. Arbino v. Ohio.,* No. 1:12cv203, 2012 WL 1756856, at *2 (S.D. Ohio Apr. 2, 2012) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 1755828 (S.D. Ohio May 16, 2012) (Weber, J.) (dismissing complaint against the State of Ohio on screening); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Moreover, plaintiff's claims against the DEA, a federal agency, must be dismissed because plaintiff can only bring a *Bivens* action against federal agents, not federal agencies. *See Smith v. F.B.I.,* 22 F. App'x 523, 524 (6th Cir. 2001) (affirming dismissal of complaint against federal agency as frivolous). Finally, the Texas "Port of Entry" is subject to dismissal from the suit in the absence of any allegation suggesting that plaintiff's arrest there "was the result of an unconstitutional policy or custom" of the municipality. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978); *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996).

Courts,[2] it appears that plaintiff was convicted and sentenced on January 20, 1998 to a twenty (20) year (actual) to life term of imprisonment for drug trafficking. Plaintiff's conviction and sentence were affirmed on direct appeal; the state appellate proceedings concluded on October 24, 2000 with the entry of the Ohio Supreme Court's final order dismissing plaintiff's appeal. Plaintiff took no further action in the state courts to challenge his conviction or sentence until August 24, 2009, when he filed a motion "to correct void judgment" with the trial court, which was followed by various other motions. To date, the trial court has denied all of plaintiff's motions, with the most recent entry filed March 26, 2012.

In the instant complaint, plaintiff alleges that in 1995, he did "nothing more than give someone a ride to what turned out later to be a drug transaction." (Doc. 1, Complaint, p. 9). He states that the transaction was a "drug deal" between other individuals and narcotics agents working for the State of Texas, the DEA, and RENU in conjunction with a paid informant for RENU. (Id., p. 6). Defendants John Mercado and Noemi Guzman were the primary agents working on the case. (*Id.*).

Although the complaint is rambling and difficult to follow, it appears that plaintiff is claiming that Guzman violated his constitutional rights and Article 36 of the Vienna Convention on Consular Relations, when she initially arrested him and had him placed in a jail in Hildago, Texas in July 1995 "without a valid warrant to arrest from Ohio" and without advising plaintiff, whom she knew was a Mexican citizen, of his right under Article 36 of the Vienna Convention to "'consular access' without delay." (*See id.*, pp. 6-8). Plaintiff further claims that defendant Guzman's actions "led to his being arrested three times in the State of Texas, in violation of

---

[2]*See State of Ohio v. Jose Dominguez*, No. B 9505845-B (Hamilton County Court of Common Pleas) (criminal docket records), http://www.courtclerk.org/case_summary.asp?sec=history&casenumber=B 9505845-B.

Texas Law and, following the third arrest by immigration agents at the port of reentry, caused his [sic] being turned over to Ohio Detectives who did, transport the Plaintiff to the State of Ohio in violation of the Interstate Agreement on [D]etainers, where he was prosecuted for the crime of drug trafficking, and sentenced to twenty years to life in prison in an Ohio Prison, and therein he has remained confined for over fourteen years, and at the present time he still remains confined." (*Id.*, p. 8).

Plaintiff further alleges that after his first arrest in Texas in 1995, he was "released on bond" and that "[n]o action was taken following [his] arrest and release on bond by either the State of Ohio[] or the State of Texas" to have him extradited to Ohio. (*Id.*, p. 9). Plaintiff states that "years later," he discovered a 1995 affidavit by defendant Deters, claiming that "the delay in requesting the warrant was due to the State of Texas' inability to locate the Plaintiff and bring him before the Court." (*Id.*). Plaintiff disputes the veracity of Deters' affidavit and claims that Deters or "another acting at the behest of Mr. Deters" acted improperly by refusing "to remove a warrant which had grown stale from the computer system." (*Id.*, pp. 9-10, 11).

Plaintiff alleges that no action was taken until 1997, when he was arrested in Hildago, as well as Starr County, Texas on the 1995 warrant issued by the State of Ohio for drug trafficking. (*Id.*, p. 10). Plaintiff avers that he "stood ready and willing to contest the warrant for extradition" and filed requests for habeas corpus relief in both Hildago and Starr County, which were granted. (*Id.*). Plaintiff claims that although he had been granted two writs of habeas corpus, after he was later arrested in 1997 at the Port of Entry, an extradition hearing was held at which defendant Guzman testified. (*Id.*, pp. 10-11). Plaintiff states that after his arrest by border agents, he was "shuffled back and forth between Bayview detention center (Federal prison)" and that, during that

6

time, paperwork was lost. (*Id.*, pp. 11-12). He also claims that when "he was eventually brought before another court in Texas" on the renewed request for extradition based on the "same 1995 warrant from Ohio," he was transported to the State of Ohio "[w]ithout a ruling being issued by the Court." (*Id.*). Plaintiff alleges that he "immediately filed a motion to dismiss arguing the Hamilton County, Ohio Court of Common Pleas lacked the subject matter jurisdiction to prosecute the case against him, as he had twice been granted a writ of habeas corpus in the State of Texas." (*Id.*). Plaintiff further alleges that defendant Guzman provided testimony in the Ohio criminal matter and that, "as a result of her arrest and her . . . testimony the Plaintiff was denied the above stated rights." (*Id.*).

Plaintiff generally claims that the defendants are liable for "violating his rights, and causing him to be incarcerated for twenty years to life in Ohio." (*Id.*, p. 12). As relief, he requests $10,000,000 in "punitive damages" and $10,000,000 in "Declaratory and compensatory damages." (*Id.,* p. 11). Plaintiff's allegations are insufficient to state a claim upon which relief may be granted by this Court.

As an initial matter, to the extent plaintiff alleges a violation of his civil rights by state agents under 42 U.S.C. § 1983 and/or by federal agents in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), his complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *Harris v. United States,* 422 F.3d 322, 331 (6th Cir. 2005) (and cases cited therein)

(involving *Bivens* claims governed by Ohio's two-year statute of limitations, which were deemed timely-filed under Ohio's "Savings Statute"); *see also Zundel v. Holder,* __ F.3d __, No. 10-6012, 2012 WL 1570863, at *8 (6th Cir. May 7, 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims as frivolous under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury).

Here, the two-year statute of limitations has run with respect to plaintiff's claims, which accrued in 1995-1997 or, at the latest, by January 20, 1998, when plaintiff was convicted and sentenced in the Hamilton County criminal case after his final arrest and extradition from Texas in 1997. *Cf. Ruff v. Runyon,* 258 F.3d 498, 501-02 (6th Cir. 2001) (applying *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), in holding that the cause of action challenging the validity of a criminal prosecution accrued when "the criminal prosecution reache[d] final disposition"). The instant complaint, filed over fourteen years later, is clearly time-barred.

In any event, plaintiff's allegations fail to state a claim for relief because a ruling in

plaintiff's favor would necessarily cast doubt on the validity of his conviction and sentence in the Hamilton County Common Pleas Court for drug trafficking. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck,* 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). The "*Heck* holding applies equally to an action brought under *Bivens*." *Ruff,* 258 F.3d at 502 (quoting *Robinson v. Jones,* 142 F.3d 905, 907 (6th Cir. 1998)). Moreover, the same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant,* 332 F.3d 999, 1005-06 (6th Cir. 2003); *Mason v. Stacey,* No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein).

It appears clear from the face of the complaint that plaintiff's conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*. Because a successful challenge against the defendants for their role in effectuating plaintiff's arrest, extradition and

9

prosecution and criminal conviction in Ohio for drug trafficking would necessarily imply the invalidity of the underlying conviction and sentence imposed in January 1998, plaintiff's claims for damages are barred by *Heck*. Therefore, plaintiff may not proceed with his § 1983/*Bivens* claims against any of the named defendants.

Plaintiff does not seek relief in the form of an injunction geared towards a speedier release from imprisonment through the reversal of his conviction or correction of his sentence. But if he had requested such relief, his sole federal remedy is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

Accordingly, in sum, the undersigned concludes that the plaintiff's complaint is subject to dismissal at the screening stage because his claims for damages brought under 42 U.S.C. § 1983 and *Bivens* are barred from review on statute-of-limitations grounds and by the Supreme Court's *Heck* decision.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                                               *s/Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE DOMINGUEZ,
    Plaintiff

vs

JOSEPH DETERS, ET AL.,
    Defendants

Case No. 1:12-cv-622

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc