UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jose Dominguez, | : | Case No. 1:12-cv-622 |
| Plaintiff, | : | |
| vs. | : | |
| Joseph Deters, et al, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff, Jose Dominguez, is an inmate at the Ohio correctional facility in London, Ohio.  He filed a pro se complaint against a number of defendants, including Joseph Deters, the Hamilton County, Ohio prosecutor; the Hamilton County Clerk of Courts; and several federal and state agents who were apparently involved in events that ultimately led to his arrest in Texas and extradition to Ohio in 1997 on drug trafficking charges.  Dominguez alleges that after his extradition, he was convicted of drug trafficking in Hamilton County, and sentenced to a term of twenty years to life imprisonment.  (See Doc. 3)  Dominguez generally alleges that various federal and state agents involved in his arrest and prosecution violated his constitutional rights, his rights under the Vienna Convention, and various provisions of the Interstate Agreement on Detainers.  He asserts claims under 42

U.S.C. §1983 against the state officials, and a Bivens claim against the federal agents, seeking $10 million in compensatory and punitive damages against the defendants.

The Magistrate Judge performed a sua sponte review of Dominguez's complaint, as required by the PLRA, 28 U.S.C. §1915, to determine if his claims should be dismissed.  The records of Dominguez's state court prosecution, of which the Magistrate Judge properly took judicial notice, reveal that Dominguez was convicted of drug trafficking on January 20, 1998.  His direct appeal of his conviction and sentence were unsuccessful, and his conviction became final in 2000.  Many years later, in 2009, Dominguez began filing various post-conviction motions in the state trial court, all of which have been denied and the most recent of which was denied on March 26, 2012.

The Magistrate Judge concluded that Dominguez's Section 1983 claims are all premised upon events that occurred in the 1990's, prior to his state conviction in 1998.  His complaint in this case was filed more than 14 years after his conviction, and 12 years after his direct appeals were denied.  Well-established federal law applies the applicable state statute of limitation for personal injury claims to Section 1983 and Bivens actions.  Ohio's personal injury statute of limitations, Ohio Rev. Code 2305.10, requires such actions to be filed within two years of

accrual. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). Dominguez's claim accrued for purposes of the statute of limitations when his criminal conviction was final, which was January 20, 1998 or at the latest, upon the final denial of his direct appeal in 2000. His complaint here, filed in August 2012, is clearly untimely.

In addition, as the Magistrate Judge correctly concluded, Dominguez's complaint should be dismissed pursuant to Heck v Humphrey, 512 U.S. 477, 487 (1994):

> Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Heck*, 512 U.S. at 486-87... .

(Doc. 3, Report and Recommendation at p. 9) Dominguez's conviction has not been reversed, nor has it been declared invalid by any state tribunal. There is no suggestion that Dominguez has sought, much less been granted, federal habeas corpus relief. The Magistrate Judge therefore concluded that Dominguez's complaint should be dismissed, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

Dominguez timely filed objections to the Report.  (Doc. 6)  He suggests that his complaint is not time barred because the statute of limitations is tolled while he is in prison.  He cites Ohio Rev. Code 2305.15, which provides that when a cause of action accrues against a person who is out of state, who has absconded, or who has concealed himself, the applicable statute of limitations does not begin to run until that person is in the state and has reappeared.  Subsection (B) of the statute provides that when a person is imprisoned, the time of imprisonment is not counted toward the period of limitation "within which any person must bring any action **against the imprisoned person**."  (emphasis added)  Dominguez is not entitled to take advantage of this tolling provision, because it clearly applies only to individuals who might bring claims against him, and not to any claims that Dominguez may have against anyone, including the defendants named in his complaint.

Dominguez also objects to dismissal because he asserts that his rights under Article 36 of the Vienna Convention were violated, and argues that he should be able to proceed on that claim.  Article 36 of the convention entitles a foreign national to be informed of his right of access to his consulate.  Assuming that this alleged treaty violation could support a Section 1983 claim for damages against the federal and/or state agents who arrested Dominguez, the same statute of limitations

would apply.  The claim would accrue no later than any claims he may have that are based upon a violation of Dominguez's constitutional rights, and must be brought within two years.  Dominguez cites no authority supporting any exception for a Vienna Convention claim, and this Court has found none.

This Court has reviewed the record in this matter de novo, pursuant to 28 U.S.C. §636(b), and concludes that Dominguez has not shown that the Magistrate Judge's recommendations are clearly erroneous or contrary to law.  His objections are therefore overruled.  The Court adopts in full the Report and Recommendation of the Magistrate Judge.  Dominguez's complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order adopting the Report and Recommendation would not be taken in good faith, and Dominguez is therefore denied leave to appeal in forma pauperis.  See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

    SO ORDERED.

    THIS CASE IS CLOSED.

DATED: October 10, 2012        s/Sandra S. Beckwith
                                        Sandra S. Beckwith
                                        Senior United States District Judge